# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY: COMMERCIAL DIVISION

| | |
|---|---|
| MATTHEW TESLA,<br><br>               Plaintiff,<br><br>               vs.<br><br>DRGUT PELINKOVIC a/k/a DOUG PELINKOVIC,<br><br>               Defendant. | Index No.<br><br>Plaintiff designates Bronx County as the place for trial pursuant to CPLR 503(a) because a substantial part of the events giving rise to the claim occurred in Bronx County.<br><br>**SUMMONS** |

**STATE OF NEW YORK:**

**TO THE ABOVE-NAMED DEFENDANT**

**DRGUT PELINKOVIC a/k/a Doug Pelinkovic**
**2419 Crotona Ave**
**Bronx, New York 10458**

      YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorney, at the address stated below, an answer to the attached Complaint.

      If the summons was personally served upon you in the State of New York, the answer must be served within twenty (20) days after such service of the summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty (30) days after service of the summons is complete as provided by law.

If you do not serve an answer to the attached Complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

Dated: November 15, 2024

BEATTIE PADOVANO, LLC
Attorneys for Plaintiff

/s/ Martin R. Kafafian
By: Martin R. Kafafian (5119714)
200 Market Street, Suite 401
Montvale, New Jersey 07645
201-799-2101
      and
99 Main Street, Suite 319
Nyack, New York 10960
845-512-8584

PLEASE REPLY TO:
BEATTIE PADOVANO, LLC
200 Market Street, Suite 401
Montvale, New Jersey 07645

2

5023528_1\240774

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY: COMMERCIAL DIVISION

| | |
|---|---|
| MATTHEW TESLA,<br><br>              Plaintiff,<br><br>vs.<br><br>DRGUT PELINKOVIC a/k/a DOUG PELINKOVIC,<br><br>              Defendant. | Index No.<br><br>**COMPLAINT** |

Plaintiff, Matthew Tesla ("Plaintiff"), by his attorneys, Beattie Padovano, LLC, by way of Complaint against Defendant, Drgut Pelinkovic a/k/a Doug Pelinkovic ("Defendant"), hereby alleges the following:

## NATURE OF THE ACTION

1. This action arises out of a partnership/joint venture between Plaintiff and Defendant to invest in cryptocurrency. Plaintiff and Defendant, who know one another from their respective involvement in mixed martial arts, have a history of engaging in business ventures in an effort to turn a profit. Also, Plaintiff and Defendant had a longstanding close personal relationship.

2. Years into their relationship, in late 2020 and early 2021, Defendant and Plaintiff entered into and acted upon an oral agreement to form an at-will partnership and/or in the alternative a joint venture to invest in cryptocurrency. The parties agreed that Plaintiff would contribute his time, incur costs, and provide expertise in cryptocurrency markets and logistics, while Defendant would contribute his capital. The purpose of the partnership/joint venture was to buy and hold cryptocurrency for profit. The parties agreed to share both profits and losses. Each party exercised

control. And they evidenced an intent to be partners and/or joint venturers. No term was agreed upon, making the partnership/joint venture terminable at will.

3. Plaintiff and Defendant then, in fact, carried out the cryptocurrency investment venture pursuant to this agreement, which has, on information and belief, turned a profit.

4. On Monday, September 9, 2024, Plaintiff called and advised Defendant of his intent to terminate the partnership/joint venture. Based upon his concern over the upcoming US election cycle and rising global instability, Plaintiff sought to cut off the risk and exposure under his agreement to share in losses. Plaintiff also demanded an accounting and the distribution of his share of the partnership assets, including profits. Defendant has refused Plaintiff's demands.

5. Plaintiff now brings this action for a judicial dissolution of the partnership and for an accounting; for breach of fiduciary duty; for breach of contract, promissory estoppel, and unjust enrichment; and for related causes of action. Plaintiff seeks compensatory damages, punitive damages, equitable relief, and other related relief.

## PARTIES

6. Plaintiff Matthew Tesla is an individual residing in Portland, Oregon.

7. Defendant Drgut Pelinkovic a/k/a Doug Pelinkovic is an individual who, on information and belief, resides and/or works in Bronx County, New York. Defendant regularly transacts business in the State of New York.

## JURISDICTION AND VENUE

8. Jurisdiction over Defendant is proper because Doug Pelinkovic is a resident of the State of New York, operates various businesses in the State of New York, and has claimed that he is a citizen of the State of New York.

9. The Commercial Division has jurisdiction because the damages sought here exceed $75,000 exclusive of punitive damages, interest, costs, disbursements, and counsel fees, and

5019777_7\240774

2

because Plaintiff's claims involve breach of fiduciary duty and breaches of contract arising out of business dealings and the internal affairs of a business organization. 22 NYCRR § 202.70(a) and 22 NYCRR § 202.70(b)(1).

10. Venue is proper pursuant to CPLR §503(a) because a substantial part of the events or omissions giving rise to these claims occurred in the Bronx County, New York.

<b><u>FACTS RELEVANT TO ALL COUNTS</u></b>

**Background of Relationship**

11. Plaintiff and Defendant know one another from their mutual involvement in certain martial arts circles, namely, Brazilian Jui Jitsu, where Plaintiff and Defendant are seasoned participants. Through this involvement, Plaintiff and Defendant formed a close personal relationship wherein trust and confidence were reposed by each of them in the other.

12. Plaintiff and Defendant trained together and developed a close personal friendship. Plaintiff and Defendant would train together on a weekly basis, during which training Plaintiff would serve as Defendant's sparring partner and help Defendant learn and develop his technique, choreography and other skills necessary for Defendant to compete and Defendant to teach his hundreds of students these learned techniques to compete in the martial art Brazilian Jiu Jitsu.

13. Plaintiff and Defendant travelled together in support of Defendant's efforts to compete in the martial arts circuit. For instance, when Defendant was fighting in Poland in 2019, Defendant bought Plaintiff a ticket and paid for his accommodations so that Plaintiff could train with and support Defendant during competitions.

14. Plaintiff helped Defendant at a gym owned by Defendant by training with Defendant, Defendant's employees, and Defendant's students.

5019777_7\240774

3

15. Additionally, Plaintiff would on a regular basis videotape training for Defendant at a flagship gym at which both Plaintiff and Defendant would train. Plaintiff would help Defendant for Defendant's personal and professional benefit.

16. In another instance, Defendant and Plaintiff so trusted in one another that when Defendant's son was faced with a serious medical issue, Defendant sought advice from Plaintiff on how to address that serious medical issue.

17. Plaintiff did this all as Defendant's close personal friend – he was neither an employee nor a contractor.

18. These examples along with innumerable other daily interactions formed the basis of a long term personal and confidential relationship.

19. Until Defendant betrayed him on September 9, 2024, Plaintiff understood and believed that the good faith and loyalty owed under this close personal relationship persisted.

**8 ENERGY BARS – Plaintiff's and Defendant's First Partnership/Joint Venture**

20. In or around 2018, Plaintiff founded an energy bar brand trading under the name "8 ENERGY BARS."

21. After the founding of 8 ENERGY BARS, Plaintiff invited Defendant to join in that venture, which was a business enterprise for profit. Plaintiff and Defendant orally agreed that together, they would carry on the 8 ENERGY BARS venture. They agreed that each would contribute capital, time, and resources; they would each retain some control over the venture; and they would share in the venture's profits and/or losses.

22. Following on to this oral agreement, Plaintiff and Defendant each made a capital investment of cash into the business. Plaintiff contributed his branding and culinary experience, as

well as the going-concern enterprise. Defendant committed to make available point-of-sale exposure in Defendant's various gyms and related retail outlets.

23. Plaintiff and Defendant had an oral agreement to share in profits and losses.

24. Ultimately, 8 ENERGY BARS failed, at which point Plaintiff made good on his obligation as Defendants' partner/joint venturer and returned a portion of Defendant's investment such that they divided the business's losses.

**The Cryptocurrency Venture – Plaintiff's and Defendant's Second Partnership/Joint Venture**

25. Plaintiff was an early adopter of financial technology now known as cryptocurrency.

26. Plaintiff is a long-time investor in cryptocurrency.

27. Since he began investing in cryptocurrency, Plaintiff has relied upon income derived through investing in and trading various cryptocurrencies.

28. Upon information and belief, during the 8 ENERGY BARS venture, during the course of their friendship and through mutual acquaintances in the Brazilian Jui Jitsu community, Defendant became aware of Plaintiff's extensive knowledge, experience, and success in cryptocurrency markets.

29. Upon learning of Plaintiff's expertise in investing in cryptocurrencies, during a phone call, which Plaintiff took from Sweden, Defendant expressed to Plaintiff his interest about an enterprise in which the two would invest in cryptocurrencies for profit, during which call Defendant said, "I'm in! I'm in!"

30. Plaintiff and Defendant agreed that the capital invested by Defendant would be between $3,000,000 and $5,000,000, which was the maximum amount for which Plaintiff agreed to share in the loss.

31. Plaintiff and Defendant held one or more telephone calls during the period December 2020 through February 2021, at which time Plaintiff was located in Uppsala, Sweden, and Defendant

was located in New York, USA, and during which calls Plaintiff offered (a) to commence a partnership/joint venture to invest in cryptocurrency for profit, (b) share in profits and losses, (c) share in management and control, and (d) otherwise act as partners/joint venturers.

32. Defendant accepted Plaintiff's offer.

33. Defendant and Plaintiff entered into an oral and at-will partnership under which Plaintiff would leverage his cryptocurrency markets and logistics expertise, and Defendant would contribute capital into a venture to buy and hold cryptocurrency for profit.

34. Plaintiff and Defendant then, in fact, carried out this agreed upon venture, to wit, purchasing and holding cryptocurrency.

35. As with the 8 ENERGY BAR partnership/joint venture, Plaintiff and Defendant orally agreed to share in whatever profits and/or losses this partnership/joint venture realized.

36. Based on their close personal relationship and their course of conduct during the 8 ENERGY BAR partnership/joint venture, Plaintiff trusted that Defendant would make good on his word.

37. Thereafter, and based upon Defendant's promises, Plaintiff flew to New York, booked an Airbnb in the Bronx, and travelled to Defendant's home, which was located in this county, in order to continue executing the cryptocurrency venture, including but not limited to setting up "cold storage" of various cryptocurrency assets in which the partnership/joint venture had invested.

38. During these trips, Plaintiff incurred costs, such as costs for Airbnb stays and Uber trips, for the sole purpose of carrying out the cryptocurrency account partnership.

39. Plaintiff incurred these travel costs, and the partnership has not reimbursed him for those costs. Plaintiff would not have incurred these costs or spent time travelling to the Bronx but for the promises made and agreements entered into.

40. Plaintiff travelled to Defendant's home in the Bronx, New York to meet with Defendant for the sole purpose of carrying out the cryptocurrency partnership/joint venture.

41. Plaintiff attended meals at restaurants with Defendant's wife and met Defendant's brother during this trip, the purpose of which was to solidify the relationship and bond between themselves as partners.

42. Defendant paid for one of the meals, Plaintiff paid for another.

**Termination of the Cryptocurrency Partnership/Joint Venture and Demand for an Accounting**

43. On Monday, September 9, 2024, Defendant and Plaintiff spoke via telephone. Plaintiff stated his intent to terminate the partnership and requested an accounting and his share of the profits.

44. Defendant hung up on Plaintiff without agreeing to his requests.

45. Upon further information and belief, prior to hanging up the phone, Defendant admitted his involvement in this partnership with Plaintiff.

46. After the phone call, Plaintiff followed up with a letter to Defendant requesting access to the partnership books and records and for an accounting to determine Plaintiff's proper share of profits from the cryptocurrency account partnership that was established between Plaintiff and Defendant.

47. The requests made by Plaintiff were rejected and denied by Defendant.

48. Defendant's conduct was unlawful and without justification.

49. Plaintiff has been harmed by and suffered injuries as a result of Defendant's misconduct.

## FIRST CAUSE OF ACTION

### (Application for Partnership Property – N.Y. Partnership Law § 69)

50. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above as though the same were set forth herein at length.

51. Plaintiff and Defendant formed an at-will partnership, or in the alternative a joint venture.

52. Plaintiff has stated his intention to terminate and dissolve the partnership/joint venture.

53. Plaintiff is entitled to his fair share of the profits from and other assets of the cryptocurrency account partnership which are recoverable upon termination of the partnership pursuant to New York's Partnership Law § 69.

54. A dispute has arisen between Plaintiff and Defendant as to the rights and obligations of the Parties, and, specifically, as to the nature of Plaintiff's rights in the partnership property.

55. The unlawful practices of Defendant alleged in this Complaint persist and continue to damage Plaintiff in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Accounting – N.Y. Partnership Law § 44 and the Common Law)

56. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above as though the same were set forth herein at length.

57. At all times, herein mentioned, Plaintiff and Defendant were partners and/or joint venturers in the cryptocurrency enterprise.

58. On or about Monday, September 9, 2024, Plaintiff demanded an accounting and access to the partnership's/joint venture's books and records.

59. Defendant denied Plaintiff's request.

60. Defendant has wrongly excluded Plaintiff from the partnership/joint venture.

61. Plaintiff indicated to Defendant that he had the intention of terminating the cryptocurrency partnership between Plaintiff and Defendant and demanded to inspect the books and records of the cryptocurrency account partnership.

62. Defendant has exclusive possession of the cryptocurrency accounts books and records and has refused to provide Plaintiff with any financial information concerning the partnership.

63. Based on the foregoing, plaintiff is entitled to a formal accounting pursuant to Sections 43 and 44 of the New York Partnership Law and the common law to determine the assets and liabilities of the cryptocurrency accounts and each partner's share thereof.

## THIRD CAUSE OF ACTION

### (Breach of the Partnership/Joint Venture Agreement)

64. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above as though the same were set forth herein at length.

65. Plaintiff and Defendant entered into an enforceable contract, namely, the partnership/joint venture agreement.

66. Plaintiff fully performed under the contract.

67. Defendant, through the conduct set forth herein, has breached the partnership/joint venture agreement.

68. New York's Partnership Law provides that a partnership is governed by a partnership agreement and absent a written agreement, an oral agreement, is sufficient and the NYPL Partnership duties are assumed by all partners.

69. Under New York's Partnership Law, and pursuant to the agreement here, the duties of the partners/joint venturers include:

   a. All partners have equal rights in the management and conduct of the Partnerships' business;

   b. The partnership books shall be kept, subject to any agreement between the Partners, at the principal place of business of the partnership and every;

   c. Partner shall have at all times access and may inspect any copy of them;

   d. Partners shall render on demand true and full information of all things effecting the partnership; and

   e. Any partner shall have the right to a formal account as to partnership affairs.

70. Plaintiff has been injured as a result.

71. Defendant did not engage in the misconduct alleged herein out of any sincere or proper motive, but did so knowingly and willfully, with the intention of appropriating for itself the valuable rights of Plaintiff without compensating Plaintiff.

72. As a direct and proximate result of Defendant's misconduct, Plaintiff has sustained and will continue to sustain substantial injury, loss, and damage. Plaintiff is entitled to recover his actual damages and partnership profits in an amount to be proven at trial, together with Plaintiff's attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### (Breach Of Fiduciary Duty)

73. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above as though the same were set forth herein at length.

74. Plaintiff and Defendant owe one another fiduciary duties, including but not limited to the duties of loyalty, fairness, and good faith, based upon their partnership/joint venture and close personal relationship.

75. The Defendant breached his fiduciary duty to the partnership by, among other things, usurping the partnership's profits and failing to make an accounting to Plaintiff in order to determine the assets and liabilities of the cryptocurrency accounts and each partner's share thereof.

76. Defendant did not engage in said misconduct out of a sincere or proper purpose, but did so knowingly and willfully, with the intent of infringing Plaintiff's valuable rights.

77. The aforesaid acts of Defendant have caused and, unless redressed by the Court, will continue to cause injury to Plaintiff.

### FIFTH CAUSE OF ACTION

**(Promissory Estoppel)**

78. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above as though the same were set forth herein at length.

79. Defendant made to Plaintiff a promise that is clear and unambiguous.

80. Plaintiff reasonably relied upon Defendant's promise.

81. Plaintiff suffered an injury that was caused by that reliance.

### SIXTH CAUSE OF ACTION

**(Unjust Enrichment)**

82. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above as though the same were set forth herein at length.

83. As a result of the unlawful conduct of Defendant alleged above, Defendant has been unjustly enriched at Plaintiff's expense by receiving the benefits of using Plaintiff's expertise in

cryptocurrency to his benefit after the termination of the partnership agreement, and without Plaintiff's permission.

84. It is against equity and good conscience to permit Defendant to retain that which he has been unjustly enriched.

85. As a result of the unlawful conduct of Defendant alleged above, Plaintiff has been and will continue to be substantially injured and is entitled to the damages he has sustained and will sustain, as well as any gains, profits, and advantages obtained by Defendant as a result of his unlawful acts. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff and will be established according to proof at trial.

WHEREFOR, Plaintiff, Matthew Tesla, demands judgment against Defendant, Drgut Pelinkovic a/k/a Doug Pelinkovic, as follows:

a. An Order of Dissolution and Winding Up of the partnership;

b. Partition of the partnership property, including but not limited to cryptocurrency assets;

c. Compensatory, incidental, consequential, and other damages in the amount to be determined at trial;

d. An accounting pursuant to NY Partnership Law § 44;

e. An order pursuant to NY Partnership Law § 69 directing that the partnership property be applied to discharge the partnership's liabilities, and the surplus applied to pay in cash the net amount owing to Plaintiff;

f. Pre-judgment and post-judgment interest pursuant to CPLR § 5001, *et seq.*;

g. Punitive damages, reasonable attorney's fees, and cost as allowed by law; and

      h. Such other further relief, including declaratory relief and injunctive relief, as this Court may deem just and proper.

Dated: November 15, 2024

**BEATTIE PADOVANO, LLC**

Attorneys for Plaintiff

/s/ Martin R. Kafafian
By: Martin R. Kafafian (5119714)
200 Market Street, Suite 401
Montvale, New Jersey 07645
201-799-2101
and
99 Main Street, Suite 319
Nyack, New York 10960

5019777_7\240774

13

5019777_7\240774