**SICHENZIA ROSS FERENCE CARMEL LLP**

**MEMO ENDORSED**

January 22, 2025

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/23/2025

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Matthew Tesla v. Drgut Pelinkovic a/k/a Doug Pelinkovic*
              Case No.: 1:24-cv-08901-VEC

Dear Judge Caproni:

      This firm represents Defendant Drgut Pelinkovic a/k/a Doug Pelinkovic ("Defendant") in the above-captioned action. In light of Defendant's pending motion to dismiss this case in its entirety (the "Motion"), Defendant respectfully requests that this Court grant a stay of discovery pursuant to Fed. R. Civ. P. 26(c), pending this Court's decision on said Motion or subsequent motion to dismiss the contemplated amended pleading (discussed below). Dkt. Nos. 9–10. Separately, Defendant learned yesterday that Plaintiff intends to file an amended complaint, which contemplates the addition of new causes of action and other parties. If the Court is not inclined to grant a stay of discovery, Defendant alternatively requests an adjournment of the initial conference scheduled for January 31, 2025, to March 28, 2025, or to a later date convenient for this Court.

      Defendant's Motion seeks to dismiss the complaint in its entirety, which if granted, will dispose of the case or, if granted in part, will narrow the claims. No prior application for a stay of discovery or adjournment of the initial conference has been requested. This case, which was removed from Supreme Court of New York, Bronx County, was recently commenced, and on January 17, 2025, Defendant filed its Motion. Dkt. Nos. 9–10. Plaintiff's opposition is due on January 31, 2025, and the initial conference is scheduled for that same day.

      My office informed Plaintiff's counsel, no later than January 17, 2025, of Defendant's intention to file the instant application for a stay of discovery, seeking Plaintiff's consent for same. Plaintiff did not consent to a stay of discovery. Yesterday, upon learning of Plaintiff intent to file an amended complaint, my office alternatively requested an adjournment of the conference, and sought Plaintiff's consent for same. Today, Plaintiff's counsel informed our office that they do not consent to an adjournment of the conference.

      This court is authorized to stay discovery during the pendency of a motion to dismiss upon a showing of good cause. Fed. R. Civ. P. 26(c)(1); *Morien v. Munich Reins Josie-Delerme v. Am.Gen. Fin. Corp.*, 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009).[1] Defendant's Motion

---

[1] Courts in this district have also held that a stay of discovery was appropriate where a plaintiff intended to file an amended complaint, as a motion aimed at the amended pleading could dispose of the case. *See Siebert et al. v. FDIC et al.*, No. 24-CV-00427 (JGLC) at Dkt. No. 25.

Hon. Valerie E. Caproni
January 22, 2025
Page 2

presents a strong showing that Plaintiff's entire case should be dismissed. Without repeating the entirety of the Motion here, all of Plaintiff's claims, which are derived from an oral partnership, fail to plead a claim for an oral partnership. The crux of the action is Plaintiff's claim that there was an oral partnership between Plaintiff and Defendant, pursuant to which they would share in gains from cryptocurrency assets that Defendant bought. Defendant purchased the cryptocurrency assets with his own money for his own account. The complaint admits this. Plaintiff alleges that even though he did not contribute any money or capital to purchase the investments, he offered investment advice (despite not being a licensed investment advisor or broker dealer), and that the investments would be bought by Defendant and "held." Plaintiff and Doug, who knew each other from training in jiu jitsu, never had an oral partnership that Plaintiff would share in the profits of Defendant's investments. It is well-settled that a party contributing no capital to a purported venture "strongly suggests" that there is no oral partnership. *See Kyle v. Ford*, 184 A.D.2d 1036 (4th Dep't 1992); *Oppedisano v. Zur*, No. 20-cv-5395 (VB), 2024 WL 967260, at *7 (S.D.N.Y. Mar. 5, 2024) citing *Hammond v. Smith*, 151 A.D.3d 1896, 1899 (4th Dep't 2017) ("Where there is undisputed evidence that a party never made a capital contribution to the business, such evidence strongly suggests that no partnership existed."). Plaintiff cannot overcome that strong presumption that there is no partnership. All Plaintiff could do in its pleadings was set forth legal conclusions, scant factual basis, and implausible assertions and theories, none of which overcome the strong presumption that no oral partnership exists without a capital contribution.

In addition, under Partnership Law § 44, an accounting is not automatic merely by alleging an oral partnership agreement, primarily because it is axiomatic that it is only available to "any partner." Thus, Plaintiff will have to establish whether he is a partner before he can proceed any further. Moreover, he will also have to satisfy one of the other statutory bases under Partnership Law § 44 to be entitled to an accounting (and admittedly, he cannot rely on any agreement that provided for an accounting as there is no written agreement).

At the most basic level, the entire claim is devoid of logic, business, and financial sense, and plausibility. Stock advisors, and even cryptocurrency advisors, typically receive either a fixed fee or a very small percentage as a form of compensation (typically between 0.5 to 2%). And those advisors and brokers are paid for managing and trading the assets—not just "holding" the assets, which is what Plaintiff claims was the purpose of the alleged venture. Under no scenario would an advisor be entitled to as much as 50% of the gains of the cryptocurrency sales when the other party purchased all the cryptocurrency, and the "advisor" contributed nothing. Most investment advisers and broker dealers are also licensed and educated in business and finance. What is perhaps most incredulous is that an investor would never allow another person to "pull the plug" on his or her investments merely by attempting to terminate the partnership and calling for a sale of the investments, which is what Plaintiff alleges he had the right to do. What is proposed is not a business or venture—it is Defendant's investments. It is ludicrous to suggest that the "business" of the partnership is that Defendant invested his own money and gave up control and gains to another party, who invested nothing. The only property is Defendant's investments, and such individual property is not partnership property.

A stay of discovery is proper when a party presents substantial arguments for dismissal of the claims in the complaint. *See Spencer Trask Software and Information Services, LLC v.RPost International Limited*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Further, when a motion "is

Hon. Valerie E. Caproni
January 22, 2025
Page 3

potentially dispositive, and appears to be not unfounded in the law" a stay of discovery is appropriate. *Gandler v. Nazarov,* 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994). Accordingly, the merits of the Motion represent good cause for a stay of discovery until the Motion is addressed.

As for the scope of discovery, while no discovery has been served, in a claim trying to enforce an oral partnership, there likely will be electronic discovery as to the communications between the parties, and depositions of not only the parties but potential non-parties to flesh out those allegations. The proposed case management order has discovery completed within six (6) months and Defendant will be unfairly prejudiced if discovery were to proceed only on Plaintiff's claims when issue has not been joined yet. Even if the Motion is denied, Defendant will likely assert counterclaims, and it will be costly and burdensome for both parties—both of whom are individuals—if they were required to repeat discovery a second time. *See Spencer Trask,* 206 F.R.D. at 368 ("[P]roceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources."). Further, even if the Court dismisses some of Plaintiff's claims, the scope of discovery will be narrowed. *See Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("Given that disposition of the dismissal motion[s] may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants."); *see also*, *Spinelli v. National Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiff's claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable."). In addition, Plaintiff noted that new claims and parties may be added in his contemplated amended pleading, which will not only expand discovery in this case, but will likely result in duplication.[2]

Finally, given the Plaintiff's intention to amend the complaint, the application for a stay is ripe until such time as the new pleading is filed. To the extent that pleading still fails to state a cause of action, Defendant will move against the amended complaint for many of the same reasons, and so discovery in this case should be stayed pending the outcome of the Motion. At a minimum, until Defendant and the Court know what the operative pleading is, and whether any of it remains, discovery should not proceed until that time. This is particularly true given that Plaintiff has indicated that the amended complaint may include additional causes of action or parties.

Accordingly, Defendant respectfully requests that this Court stay discovery pending the decision of the Motion or subsequent motion to dismiss the contemplated amended pleading. Alternatively, Defendant respectfully requests an adjournment of the initial conference to March 28, 2025, or to a later date convenient for this Court. We thank the Court for its consideration of this application.

Respectfully submitted,

*Wynee Ngo*
Wynee Ngo

cc: All counsel of record (via ECF).

---

[2] Plaintiff will not be unfairly prejudiced by a stay or an adjournment of the initial conference, as the case is at a nascent stage.

The request to adjourn the initial pretrial conference is GRANTED IN PART. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff may amend his pleading once as of right not later than 21 days after service of a motion to dismiss; hence, Plaintiff must file the amended complaint not later than **Friday, February 7, 2025**. To give the parties time to review the anticipated amended complaint, the initial pretrial conference is ADJOURNED to **Friday, February 21, 2025, at 10:00 A.M.** in Courtroom 20C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007. The pre-conference joint letter and proposed case management plan, described in Paragraphs 2 and 4 of the Notice of Initial Pretrial Conference (Dkt. 8), is due **Thursday, February 13, 2025**.

The request to stay discovery pending the Court's resolution of the motion to dismiss is DENIED WITHOUT PREJUDICE because the motion to dismiss will be mooted by the amended complaint. If Defendant wishes to renew its request to stay discovery pending resolution of its anticipated motion to dismiss the amended complaint, the parties should discuss the request at the February 21, 2025, conference and in the pre-conference joint letter. The parties are advised to review Rule 3(B) of the Undersigned's Individual Practices in Civil Cases, which prohibits parties from making written submissions regarding discovery disputes absent Court permission.

SO ORDERED.

*[Signature: Valerie Caproni]*   1/23/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE